**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

TIMOTHY PETTWAY,

        **Plaintiff,**

    v.

                                **Civil Action 2:26-cv-313**
                                **Judge Algenon L. Marbley**
                                **Magistrate Judge Chelsey M. Vascura**

DAKOTA LINDSEY,

        **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Timothy Pettway, sues Dakota Lindsey (a corrections officer at the Ross Correctional Institution) and the Ohio Department of Rehabilitation and Correction for excessive force in violation of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF

No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $44.61 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A550655) at the Ross Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I.     STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Plaintiff alleges that on December 27, 2025, Corrections Officer Dakota Lindsey used a green laser pointer inside Plaintiff's housing unit. The laser allegedly made direct contact with

4

Plaintiff's eye, causing immediate disturbance and discomfort. Plaintiff alleges that he now suffers from ongoing vision impairment including blurred vision, blind spots, and recurring headaches. (Compl. ¶¶ 5–19, ECF No. 1-1.) Plaintiff advances claims for cruel and unusual punishment under the Eighth Amendment and unreasonable use of force under the Fourteenth Amendment. (*Id.* ¶ 21.) As relief, he seeks compensatory and punitive damages, as well as a declaratory judgment that Defendants' actions violated Plaintiff's constitutional rights. (*Id.* ¶¶ 22–26.)

All of Plaintiff's claims must be dismissed. First, to the extent that Plaintiff sues the Ohio Department of Correction and Rehabilitation, those claims are barred by the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's Complaint. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. But Plaintiff seeks only damages and a declaratory judgment

5

that his rights were violated, not prospective relief. Accordingly, no exception to sovereign immunity applies and Plaintiff's claims against the Ohio Department of Rehabilitation and Correction must be dismissed.

Similarly, to the extent that Plaintiff sues Defendant Lindsey in his official capacity, those claims must also be dismissed. A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, any official-capacity claim against Lindsey is also barred by the doctrine of sovereign immunity.

All that remain are Plaintiff's individual-capacity claims against Lindsey. As an initial matter, although Plaintiff advances claims against Lindsey under both the Eighth and Fourteenth Amendments, the use of force against post-conviction detainees is governed by the Eighth, not Fourteenth, Amendment. *See Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013). Nor can the undersigned discern any property or liberty interest implicated by Plaintiff's allegations as would be necessary to advance a due process claim under the Fourteenth Amendment. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Plaintiff's Fourteenth Amendment claims must therefore be dismissed.

Finally, as to Plaintiff's individual-capacity Eighth Amendment claim, the Eighth Amendment prohibits the unnecessary and wanton infliction of pain against prisoners. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component. *Id.* (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir.1993)).

6

The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Yet the seriousness of the injuries is not by itself dispositive. *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* The subjective component focuses on the state of mind of the prison officials. *Williams*, 631 F.3d at 383. The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 449 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

Plaintiff's allegations satisfy neither of these components. He has not alleged that Lindsey wielded the laser pointer in a manner that was subjectively malicious or sadistic. Nor has he alleged an objective use of force relevant to the Eighth Amendment inquiry. "Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (cleaned up). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 37–38. Lindsey's use of a laser pointer as described by Plaintiff is just such a *de minimis* use of force. *See Hernandez v. Russell*, No. 3:20-CV-00114-MMD-CSD, 2024 WL 2732139, at *6 (D. Nev. May 6, 2024), *report and recommendation adopted*, No. 3:20-CV-00114-MMD-CSD, 2024 WL 2728517 (D. Nev. May 28, 2024), *appeal dismissed*, No. 24-3672, 2024 WL 5074910 (9th Cir. July 12, 2024) ("The court is unaware of a case, and Plaintiff has not pointed to one,

7

that holds that using a keychain laser pointer to get the attention of inmates such that it briefly pans over an inmate's field of vision, amounts to a use of force, let alone excessive force."). Plaintiff's Eighth Amendment claim against Lindsey must therefore be dismissed.

### III.    DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. In addition, for the reasons above, the undersigned **RECOMMENDS** that Plaintiff's Complaint be dismissed for failure to state a claim on which relief can be granted under 28 U.S.C. §§ 1915(e), 1915A(b).


### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE