**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY PETTWAY,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:26-cv-313** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **DAKOTA LINDSEY,** | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **Defendant.** | : | |

**OPINION AND ORDER**

This matter comes before the Court on *pro se* Plaintiff Timothy Pettway's Objection (ECF No. 4) to the Magistrate Judge's Report and Recommendation (ECF No. 3) that this case be dismissed. For the following reasons, Pettway's Objection is **SUSTAINED in part and OVERRULED in part**, and the Magistrate Judge's Report and Recommendation is **ADOPTED in part and REJECTED in part**.

## I. BACKGROUND

Pettway is a prisoner at the Ross Correctional Institution. On March 16, 2026, he sued Defendant Dakota Lindsey, an officer with the Ohio Department of Rehabilitation and Corrections, seeking damages and declaratory relief under 42 U.S.C. § 1983. (ECF No. 1-1 ¶ 1). According to Pettway, on the morning of December 27, 2025, Officer Lindsey directed a green laser pointer at inmates in a housing unit's dormitory. This was done without warning or justification. Despite the fact that Pettway "was compliant, stationary, and engaged in authorized activity," "[t]he green laser pointer made direct contact with [Pettway's] eye, causing immediate visual disturbance and discomfort." (*Id.* ¶¶ 5–8, 15, 17–18). As a result, Pettway claimed to suffer from "ongoing vision impairment" and recurring headaches. (*Id.* ¶ 19). He initiated suit, asserting violations of the Eighth

and Fourteenth Amendments, and seeking declaratory relief as well as $1,000,000 in compensatory and punitive damages. (ECF No. 1-1 ¶¶ 21–23, 25–26).

The Magistrate Judge conducted an initial screen of Pettway's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1)–(2) and recommended dismissal for failure to state a claim. (ECF No. 3 at 1). The Magistrate Judge first found that Pettway could not sue under the Fourteenth Amendment, and then concluded that Pettway's allegations failed to satisfy the subjective and objective components of an Eighth Amendment claim. The Report and Recommendation held that the alleged use of force was not actionable because it was *de minimis* and because Pettway did not allege any malicious or sadistic motive on Lindsey's part. (*Id.* at 6–8). Pettway timely objected, and this matter is ripe for review.

## II. STANDARD OF REVIEW

The court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Where a plaintiff seeks to proceed *in forma pauperis*, the court "shall dismiss" the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff need not provide detailed factual allegations at the pleading stage, but must "provide the 'grounds' of his 'entitlement to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets and citations omitted), in a "short and plain statement of [his] claim[s]." Fed. R. Civ. P. 8(a)(2).

The court will construe a *pro se* plaintiff's complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and view it in the light most favorable to him. *Lowe v. Marshall Cnty.*, 779 F. Supp. 3d 944, 947 (M.D. Tenn. 2025). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no

set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

## III. LAW & ANALYSIS

### A. Eighth Amendment

The Eighth Amendment prohibits "cruel and unusual punishments," U.S. Const. amend. VIII, which includes the unnecessary and wanton inflictions of pain against prisoners. *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1093 (6th Cir. 2019). Courts analyzing excessive force claims under the Eighth Amendment must look at "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). Prisoners seeking to bring an excessive force claim under the Eighth Amendment must satisfy an objective and subjective component of their claim. *Rafferty*, 915 F.3d at 1094.

The objective component requires the pain inflicted to be "sufficiently serious." *Id.* This inquiry is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." *Id.* at 9. At the same time, not every malevolent touch gives rise to a federal cause of action. *Id.* The Eighth Amendment excludes "*de minimis* uses of physical force." *Rafferty*, 915 F.3d at 1094 (quoting *Hudson*, 503 U.S. at 9–10).

The subjective component focuses on the state of mind of the prison officials. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citation omitted). To determine whether force was applied in a good faith effort to maintain or restore discipline—or maliciously and sadistically for the purpose of causing harm—courts evaluate several factors, including: (1) the need for the use of force; (2) the relationship between that need and the type and amount of force used; (3) the threat reasonably perceived by the official; (4) the extent of the injury inflicted; and (5) any effort made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 6–7. "The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Id.* at 7.

**B. Pettway's Objections**

Pettway raises five objections to the Magistrate Judge's Report and Recommendation, arguing that: (1) it improperly characterized the use of force as *de minimis*; (2) it failed to draw reasonable inferences of malicious or reckless intent; (3) it improperly dismissed the objective component of the alleged Eighth Amendment violation; (4) dismissal at the screening stage is premature; and (5) it overlooked the facts. (ECF No. 4 at 2–4). Pettway did not object to the dismissal of his Fourteenth Amendment claim.

Pettway's objections are duplicative. Taken as a whole, they address the Magistrate Judge's determinations on both the objective and subjective components of an Eighth Amendment claim, so the Court considers each component in turn.

***1. Objective Component***

First, Pettway challenges the Magistrate Judge's characterization of the use of force as *de minimis*. Pettway's Complaint is light on factual allegations, but he did allege that the laser pointer contacted his eye, immediately disturbed his vision, and resulted in lasting injury. (ECF No. 1-1 ¶¶ 8, 19). Relying on *Hernandez v. Russell*, the Magistrate Judge concluded that use of a laser pointer "as described by Plaintiff is . . . a *de minimis* use of force." (ECF No. 3 at 7).

But *Hernandez v. Russell* is distinguishable in important ways. In that case, a prisoner plaintiff sued prison official defendants after a prison guard inadvertently pointed a red laser on that prisoner's eye. *Hernandez v. Russell*, 2024 WL 2732139, at *1, *5 (D. Nev. May 6, 2024), *report and recommendation adopted*, 2024 WL 2728517, at *1 (D. Nev. May 28, 2024). The district court granted summary judgment to the prison official defendants following discovery, because the uncontroverted evidence demonstrated that the prison guard had pointed the laser "in a good-faith effort to maintain security" and disrupt "a large group of inmates" in plaintiff's vicinity who were attempting to smuggle contraband. *Id.* at *5. *Hernandez* suggests that "using a keychain laser pointer to get the attention of inmates such that [the laser] briefly pans over an inmate's field of vision" constitutes *de minimis* force. *Id.* at *5–6. But it is of limited weight in this case, at least at the present stage of litigation. *Hernandez* was decided at summary judgment, after evidence was introduced.

Here, by contrast, the Court is screening Pettway's Complaint at the earliest possible stage to determine whether he has a case at all. The Court cannot assume, before the introduction of evidence, that the "nature of the force" used here is the same as the force used in *Hernandez*. *Wilkins*, 559 U.S. at 39. Although the instrument of force is a laser pointer in each case, the Court must "consider[] the degree of force applied" under the circumstances. *Williams*, 631 F.3d at 384. It may be that the laser pointer allegedly used by Officer Lindsey was different in strength, kind, or use to such an extent that *Hernandez* would be inapposite. Indeed, laser pointers vary in their strength and potential risks to human welfare. *See United States v. Rodriguez*, 790 F.3d 951, 960 (9th Cir. 2015) (observing varying "risks posed by lasers" based on differing power); *cf.* 18 U.S.C. § 39A(a) (making it a crime to "knowingly aim[] the beam of a laser pointer at an aircraft"); *United States v. Harvey*, 584 F. Supp. 3d 491, 492 (S.D. Ohio 2022) (Sargus, J.) (discussing criminal

prosecution under 18 U.S.C. § 39A). At the screening stage, the Court "plausibly infers an underlying wrong of sufficient constitutional magnitude for the Eighth Amendment's objective prong." *Anderson v. Bonner*, 2022 WL 1607842, at *3 (W.D. Tenn. May 20, 2022) (holding *pro se* prisoner sufficiently alleged objective harm from the use of a flashlight's strobe light placed in prisoner's eye); *cf. Assi v. Hanshaw*, 625 F. Supp. 3d 722, 742 (S.D. Ohio 2022) (Cole, J.) (distinguishing *Anderson*, but recognizing that shining a light in a prisoner's eyes and causing "lasting eye irritation" could form the basis of an Eighth Amendment excessive force claim).

In sum, Pettway's first objection appears to have merit at this early stage of litigation. Viewing the Complaint in the light most favorable to him, the Court is not convinced that there are no set of facts where Pettway could prevail against Lindsey for the alleged use of the force. Pettway's first objection is **SUSTAINED**. The Magistrate Judge erred in characterizing Lindsey's use of force as *de minimis* at the screening stage of this case, particularly where some of Pettway's allegations regarding the gravity of his injury suggest that the use of force was more consequential in context. (*E.g.*, ECF No. 1-1 ¶ 19).

***2. Subjective Component***

Next, Pettway argues that the Magistrate Judge erred by not inferring malicious or reckless intent from his allegations. He also posits that Officer Lindsey's motivations necessitate a fact-intensive inquiry and should not be resolved at the screening stage. Here, Pettway's Complaint is deficient. The Court agrees with the Magistrate Judge that Pettway failed to allege the subjective component of an Eighth Amendment violation. *See Wilkins*, 559 U.S. at 37. True, Pettway points out in his Objection that he alleged that the use of force was not justified against him. (ECF No. 4 at 2–3). But that still misses the mark. The relevant inquiry is whether Officer Lindsey had a reason to use force at all. To be sure, Pettway did allege that Lindsey used the laser "without penological

justification stated to Plaintiff," (ECF No. 1-1 ¶ 15), but he failed to explain whether Lindsey had some justification for using the laser. Contrary to his assertion that the Magistrate Judge overlooked relevant factual context, Pettway failed to provide necessary allegations regarding the factual context of Officer Lindsey's use of force. For example, Pettway's Complaint fails to clarify whether Officer Lindsey used the laser without justification as to him, or without justification as to everyone. Pettway does not indicate whether he was targeted, or whether he was hit with the laser inadvertently. He does not allege that the laser's use was malicious or sadistic. At best, his Complaint conclusorily suggests that Officer Lindsey's conduct was either intentional or reckless insofar as he was injured. (ECF No. 1-1 at 2). This is not enough, because the Eighth Amendment asks whether Officer Lindsey's actions were part of some permissible, good-faith effort, or whether they were instead malicious or sadistic. While Pettway may be right that Officer Lindsey's subjective motivations will ultimately require a fact-intensive inquiry, (*id.* at 3), he must still allege facts and circumstances of the use of force so that the Court can determine whether he can bring the claim in the first instance.

In short, because Pettway has not provided allegations regarding the need for the use of force generally, the Court has no way to evaluate the subjective component of his claim. *See Hudson*, 503 U.S. at 6–7. Pettway's objection to the subjective component is **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, Pettway's Objection regarding the objective component of an Eighth Amendment claim is **SUSTAINED** and the Magistrate Judge's Report and Recommendation is **REJECTED** on this issue. Pettway's Objection regarding the subjective component of an Eighth Amendment claim is **OVERRULED**, and the Magistrate Judge's Report and Recommendation is **AFFIRMED** and **ADOPTED** on this issue.

Pettway's Complaint contains factual allegations and legal theories "that conceivably implicate Eighth Amendment concerns." *Brown*, 207 F.3d at 868. That said, the Complaint is not a model of pleading, and as the Magistrate Judge correctly observed, it fails to plead the subjective component of an Eighth Amendment claim. Therefore, the Court **DISMISSES** Pettway's Complaint for failure to state a claim, as the Magistrate Judge recommends. But Pettway shall have leave to file an amended complaint, in light of this circuit's jurisprudence that "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F. 3d 636, 645–46 (6th Cir. 2015); *accord* 6 Wright & Miller's Federal Practice and Procedure § 1483 (3d ed. 2025) ("Ideally, if it is at all possible that the party against whom a dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."); *Lucas v. Chalk*, 785 F. App'x 288, 291–92 (6th Cir. 2019) (same).

Should Pettway wish to maintain this action, he may submit an Amended Complaint to cure deficiencies with his Complaint within **twenty-one days** of the date he receives this Order. *See* Fed. R. Civ. P. 15(a).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 12, 2026**